IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN SEDDENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00449-AGF |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Bryan Seddens, who is represented by counsel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the matter will be stayed to allow Petitioner to exhaust all available state court remedies.

## BACKGROUND

On May 24, 1991, Petitioner was sentenced to a term of life imprisonment without eligibility for parole for first degree murder. He was also sentenced to a 50-year term for each of two counts of armed criminal action, and a 10-year term for first degree assault, all to run consecutively. Petitioner was a juvenile at the time he committed the offenses.

On April 11, 2014, Petitioner filed a petition for a writ of habeas corpus with the Missouri Supreme Court, arguing that his sentence was unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders). On January 25, 2016, while

Petitioner's state court habeas petition was pending, the United States Supreme Court held that *Miller* announced a new substantive constitutional rule that applied retroactively to cases on collateral review. *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016).

On March 15, 2016, the Missouri Supreme Court issued an order that applied to Petitioner's case and other similarly situated cases ("March 15 order"). The March 15 order stated that the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision in accordance with *Miller* and *Montgomery*. Thus, the Missouri Supreme Court held that Petitioner and those similarly situated would be eligible to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by the action of the governor or enactment of necessary legislation.

Following this ruling, Petitioner filed a motion for reconsideration or for resentencing in state court. Then, on April 1, 2016, Petitioner filed this federal habeas petition, arguing that his sentence continued to suffer from constitutional defects.

On July 19, 2016, the Missouri Supreme Court entered an order ("July 19 order") vacating its March 15 order, overruling as moot the motions for reconsideration filed by Petitioner and others, and denying Petitioner's and others' state court petitions for habeas corpus, all in light of the enactment of Missouri Senate Bill No. 590 ("S.B. 590"). S.B. 590, signed into law on July 13, 2016, and codified at Mo. Rev. Stat. § 558.047, eliminates mandatory life sentences for juveniles and provides juveniles serving mandatory life without parole sentences an opportunity to petition the parole board for a sentencing review after serving 25 years' imprisonment. Mo. Rev. Stat. § 558.047.

On May 24, 2017, with the assistance of appointed counsel, Petitioner amended his federal habeas petition to address the July 19 order. In his amended petition, Petitioner asserts that (1) the July 19 order is unconstitutional as it contemplates an illusory and arbitrary remedy that violates the Eighth Amendment, due process, equal protection, and settled separation of powers principles; (2) through the July 19 order, the Missouri Supreme Court and S.B. 590 have thwarted Petitioner's constitutional right to a meaningful opportunity for release; and (3) the July 19 order and S.B. 590 are unconstitutional as they deny Petitioner a meaningful sentencing process, jury determination at sentencing, equal protection, and the right to counsel.

Respondent argues that Petitioner's claims that S.B. 590 is unconstitutional or otherwise inadequate are not properly before the Court because they have not been exhausted in state court, in that Petitioner has neither petitioned for parole under S.B. 590 nor challenged S.B. 590 in state court. Respondent further argues that the Missouri Supreme Court did not violate *Miller* when it denied Petitioner's state habeas petition in light of S.B. 590 because Petitioner now has an avenue for recovery that comports with *Miller* and the factors that must be taken into consideration for sentencing juveniles for homicide offenses. Further, Respondent maintains that Petitioner's claims seek an expansion of existing United States Supreme Court precedent, and that the July 19 order was not an unreasonable interpretation or application of that precedent.

## **DISCUSSION**

The Court may not grant habeas relief under 28 U.S.C. § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State," "there is an

3

absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1). The petitioner "has the burden to show that all available state remedies had been exhausted or that exceptional circumstances existed." *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

Here, the Court concludes that Petitioner has not met his burden. Like in *Williams v. Precythe*, the Court finds that Petitioner's claims "have been changed or broadened by the enactment of S.B. 590, and he has not met his burden to demonstrate that he has exhausted his claims or that exceptional circumstances exist that render the state habeas process ineffective." No. 4:16 CV 393 RWS, 2019 WL 1380042, at *2 (E.D. Mo. Mar. 27, 2019); *see also Davis v. Griffith*, No. 4:16-CV-377 CAS, 2017 WL 5518022, at *3 (E.D. Mo. Nov. 17, 2017) (holding that "none of petitioner's claims contained in the First Amended Petition for Writ of Habeas Corpus are exhausted because the enactment of Senate Bill 590 broadens petitioner's claims under *Miller* and *Montgomery* such that they have not been properly raised before the state courts"). In short, Petitioner's federal habeas claims were never presented to a state court for adjudication. Moreover, a possible state court remedy has not yet been foreclosed, as Petitioner could raise these broadened claims by filing a petition under Missouri Supreme Court Rule 91. *See Davis*, 2017 WL 5518022, at *3 (detailing the potential availability of further state court proceedings in this context).

In addition, Petitioner's claims related to the parole board are based on a future application of S.B. 590 by the parole board, which has not yet occurred. *See McCombs v.*

*Lewis*, No. 4:16 CV 356 CDP, 2019 WL 1275066, at *4 (E.D. Mo. Mar. 20, 2019). Thus, Petitioner's challenges to the constitutionality of his future parole hearing and how his consecutive sentences will be resolved by the parole board are premature and not ripe for adjudication. *Id.* (citing *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2019 WL 320586, at *7 (W.D. Mo. Jan. 24, 2019)).

**Stay**

A district court may issue a stay where it would be "a proper exercise of discretion," and the petitioner has "good cause for [his] failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). In *Davis v. Bowersox,* No. 16-00246-CV-W-RK, 2017 WL 379463 (W.D. Mo. Jan. 26, 2017), *Hack*, 2019 WL 320586, and *Williams*, 2019 WL 1380042, the court stayed the federal habeas action to avoid a situation where AEDPA's one-year statute of limitations would expire despite the petitioners' diligence. In *Williams*, the Court granted the stay despite the lack of a "mixed" petition, or a petition containing both exhausted and unexhausted claims. *See* 2019 WL 1380042, at *3.

Here, the Court likewise finds that Petitioner's situation is one of the limited circumstances where a stay is appropriate. The absence of a stay would ensure that AEDPA's statute of limitations runs before Petitioner can return to federal court. *See id.* at *2. Thus, the Court will enter a stay in this case and direct Petitioner to pursue state remedies within a brief interval. *See id.* (directing the petitioner to pursue state remedies within 30 days after the stay was entered and to return to federal court within 30 days after state court exhaustion was completed).

5

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that this action is **STAYED** and administratively closed until Petitioner Bryan Seddens exhausts his state court remedies. Seddens must pursue state court remedies within **30 days** after this stay is entered and return to federal court within **30 days** after state court exhaustion is completed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2019.